**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**RACHELLE SANTILLANES,**

    **Plaintiff,**

**v.**                                                                        **No. 11-cv-0527 KBM/SMV**

**ERIC ASBURY and**
**COUNTY OF BERNALILLO,**

    **Defendants.**

**ORDER DENYING MOTION FOR ORDER**
**REGARDING THE NEW MEXICO CORRECTIONS DEPARTMENT**

THIS MATTER is before the Court on Defendant[ Eric Asbury's] Motion for Order that the Probation and Parole Division of the New Mexico Department of Corrections Produce its Probation File [Doc. 44] ("Motion"). Plaintiff responded in opposition on April 11, 2012. Plaintiff's Response in Opposition to Defendant's Motion for Order that the Probation and Parole Division of the New Mexico Department of Corrections Produce its Probation File [Doc. 44] [Doc. 48] ("Response"). Defendant Asbury replied on April 26, 2012. Defendant Asbury's Reply to Plaintiff's Response in Opposition to Defendant's Motion for Order that the Probation and Parole Division of the New Mexico Department of Corrections Produce its Probation File [Doc. 55] ("Reply"). Defendant Bernalillo County has submitted no filing with respect to this matter, and its position is unknown. Because Defendant Asbury has not attempted to secure the desired documents via subpoena, the Court will DENY the Motion without prejudice as premature.

Defendant Asbury moves the Court for an order compelling the Probation and Parole Division of the New Mexico Department of Corrections, a non-party, to produce "its complete file

regarding Plaintiff."   Motion [Doc. 44] at 1.   Defendant Asbury's counsel asserts that he "informally" requested the file in a telephone conversation with Plaintiff's probation officer. Reply [Doc. 55] at 6. Defendant Asbury explains that the probation officer orally indicated that the file would not be produced without a court order. *Id.*  Plaintiff objects to an order compelling the production of the file on various grounds, Response [Doc. 48] at 5–10, including that some of the information that it contains is privileged under New Mexico state law and that such privilege belongs to Plaintiff herself, *id.* at 8.

The procedure for obtaining records from a non-party is found in Fed. R. Civ. P. 45.  The Rule outlines the steps for effectuating a subpoena. Fed. R. Civ. P. 45.  The Rule further authorizes the Court to hold in contempt those who fail to comply with subpoenas.  Fed. R. Civ. P. 45(e). However, no court intervention is appropriate where no subpoena has been issued in the first place.

Here, there is no controversy for the Court to decide because Defendant Asbury has not subpoenaed the desired documents and no one has failed to obey any subpoena. Defendant Asbury, apparently, made an informal telephonic request for a file to Plaintiff's probation officer, and evidently, she orally responded that a court order would be necessary.  Defendant Asbury's anticipation that a subpoena would be ignored is not enough. Defendant Asbury must utilize Fed. R. Civ. P. 45 in order to attempt to secure the desired information. If a subpoena—which, of course, is a court order—does not produce information that satisfies Defendant Asbury, he may then raise the matter with the Court.  Unless and until Defendant Asbury attempts to obtain the information via subpoena and unless and until the person served with the subpoena fails to obey it, there is no controversy before the Court.

**IT IS THEREFORE ORDERED** that Defendant[ Eric Asbury's] Motion for Order that the Probation and Parole Division of the New Mexico Department of Corrections Produce its Probation File [Doc. 44] is **DENIED** without prejudice as premature.

**IT IS SO ORDERED.**

                                                  **STEPHAN M. VIDMAR**
                                                  **United States Magistrate Judge**