IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RACHELLE SANTILLANES,

        Plaintiff,

v.                                   CIV 11-0527 KBM/SMV

ERIC ASBURY and
COUNTY OF BERNALILLO,

        Defendants.

## MEMORANDUM OPINION & ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Rachelle Santillanes claims that while she was an inmate at the Bernalillo County Metropolitan Detention Center ("MDC"), she unwillingly had sex with corrections officer Eric Asbury. Defendant Asbury pleaded guilty to one count of criminal sexual penetration ("CSP") by a person in authority, *see* N.M. Stat. Ann. §30-9-11(E)(2), received probation, and did not have to register as a sex offender.

Plaintiff Santillanes filed this federal lawsuit seeking damages under federal civil rights statutes and state law. She sues Defendant Asbury in his individual capacity only for violation of her constitutional rights and state law and the County for violations of state law only. Her theories of recovery are violations of the Eighth Amendment, the Thirteenth Amendment, and the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983 (Counts I, II, and III); conspiracy to deprive constitutional rights under 42 U.S.C. § 1985(3) (Count IV); intentional torts of assault, battery, false imprisonment, and intentional infliction of emotional

distress under state law (Count V); and negligent training, supervision, retention, and management of corrections officers by the County under state law.  *See Doc. 1.*

Plaintiff moves for partial summary judgment on her Eighth Amendment claim contending that by virtue of the guilty plea on the CSP charge, Defendant Asbury has admitted he "raped" Plaintiff.  *Doc. 46* at 4-5.  Plaintiff therefore argues that the correctional officer is estopped from asserting a defense to the §1983 Eighth Amendment claim that any sexual encounters were voluntary and consensual.  *See Doc. 46* at 6-9.

Just last year, Judge William Johnson faced the identical issue in the *Sandoval, et. al v. Romero, et. al,* CIV 09-1028 WJ/ACT.

> The main question which underlies Plaintiffs' claims against both Defendants . . . is whether Plaintiffs were raped – as Plaintiffs allege – or whether they voluntarily and willingly engaged in the sexual encounters. . . .
>
> . . . Defendant . . . entered a guilty plea to criminal sexual penetration . . . contrary to NMSA 1978, § 30-9-11(E)(2) [which] criminalizes sexual penetration by a perpetrator "in a position of authority over the inmate. . . ." [and] received a probated sentence and was placed on supervised probation for a period of five years.

*Sandoval*, CIV 09-1028 WJ/ACT (Doc. 97 at 3, decided March 3, 2011) ("*Sandoval Opinion*"). The same firm and attorneys who represent Plaintiff in this case also represented the *Sandoval* plaintiffs.  As here, one of the *Sandoval* plaintiffs moved for summary judgment on her Eighth Amendment claim, and argued that the "plea to CSP is, in itself, sufficient to show a violation of both the objective and subjective prongs of the Eighth Amendment's prohibition against excessive force."  *Id.* at 6.  The *Sandoval* plaintiffs argued that "because liability under that provision of the statute is premised on a correction officer's authority, [the female inmate] lacked the capacity to consent, and thus Defendant['s] plea estops him now from a defense to [the] Eighth Amendment claim."  *Id.* at 6.  Judge Johnson was therefore called upon to "resolve

the threshold question of whether Defendant Baca's plea short-circuits an Eighth Amendment analysis." *Id.*

As Judge Johnson explained in *Sandoval*, the applicable analysis indeed comprises both an objective and subjective prong:

> Sexual abuse satisfies the objective prong of the Eighth Amendment inquiry. *Smith v. Cochran*, 339 F.3d at 1212. The Tenth Circuit has expressly acknowledged that "an inmate has a constitutional right to be secure in her bodily integrity and free from attack by prison guards." *Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003 (quoting *Hovater,*1 F.3d at 1068); *Barney*, 143 F.3d at 1310. Furthermore, that same sexual abuse satisfies the subjective prong of the Eighth Amendment inquiry. "In cases of sexual abuse or rape, the conduct itself constitutes sufficient evidence that force was used maliciously and sadistically for the very purpose of causing harm." *Cochran*, 339 F.3d at 1212 (internal quotations omitted). Because sexual abuse has no legitimate penological purpose, courts can presume that the perpetrator had a sufficiently culpable state of mind.

*Sandoval Opinion* at 6. . He found that the Tenth Circuit's decision in *Giron* "made clear that sexual abuse ***that is done with force*** is in itself malicious, and satisfies the subject prong of an Eighth Amendment claim." *Sandoval* at 8 (emphasis added); *see Giron v. Corrections Corp. of America*, 191 F.3d 1281 (10th Cir. 1999).[1] After thoroughly reviewing the case law in this area, Judge Johnson concluded the state criminal guilty plea to CSP did not prevent the corrections officer from raising the defense of consent in the federal civil rights action.[2] *Id.* at 7-11.

---

[1] The *Giron* case also noted that the Eighth Circuit had gone so far as "holding that the "inmate must . . . prove, as an objective matter, that the alleged abuse or harassment caused 'pain.'" *Giron*, 191 F.3d at 1287 (citing *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir.1997).

[2] When a correctional officer and an inmate have sex, the statute does not require any force or lack of consent as an element of the crime. *See* Doc. 69 at 5; *see also* N.M. STAT. ANN. §§ 30-9-11(A), (E)(2) (West, Westlaw 2012) ("A. Criminal sexual penetration is the unlawful and intentional causing of a person to engage in sexual intercourse, cunnilingus, fellatio or anal intercourse or the causing of penetration, to any extent and with any object, of the genital or anal openings of another . . . E. Criminal sexual penetration in the second degree consists of all criminal sexual penetration perpetrated: . . . (2) on an inmate confined in a correctional facility or jail when the perpetrator is in a position of authority over the inmate."); *id.,* §§ 30-9-10(A) (West, Westlaw 2012) (defining "'force or coercion'" for purposes of CSP statutes); *see also, e.g., State v. Moore,* 150 N.M. 512, 263 P.3d 289 (Ct. App. 2011) (absence of consent is not element of crime of CSP; force or coercion not element to every CSP crime, citing sex with inmate section as example; thus, State properly excluded phrase "without consent" from grand jury instructions on "unlawful" CSP), *cert. denied,* 268 P.3d 513 (N.M. 2011).

Judge Johnson therefore rejected the contention that a guilty plea to §30-9-11(E)(2) automatically precluded the defendant to raising a consent defense in a civil action. *Sandoval Opinion* at 8 ("there is no legal authority for the proposition that the state [CSP] statute supplants the usual Eighth Amendment analysis."). Because the inmate and corrections officer gave contradictory versions of events on the issue of voluntary consent, Judge Johnson ultimately held that credibility determinations needed to be made by a jury. *Id.* at 13 (concluding that the evidence was not so "one-sided as to grant summary judgment to Plaintiff.").

Here, Defendant Asbury also pleaded guilty to the same New Mexico criminal statutory provision, and it seems the same analysis should apply as in *Sandoval*.. Yet Plaintiff's attorneys made no reference to the *Sandoval* decision in their original memorandum in support of the motion for partial summary judgment. I recognize that Judge Johnson's ruling in that case does not constitute binding authority for me. Nevertheless, the *Sandoval* opinion is informative, and I find its rationale persuasive.

As Judge Johnson elaborated, although force and/or lack of consent are not essential elements of the criminal CSP offense, those factors are important for Eighth Amendment analysis purposes. *See Sandoval Opinion* at 5-11. In this case, Defendant Asbury's admitted in his plea colloquy to "misconduct," precisely identifying "sexual intercourse," but did not mention anything about consent or force, or lack thereof, and the prosecution did not contradict his bare-bones admissions with any other assertion of facts. *See Doc. 46-1* at 6-7 (CM/ECF pagination). Thus, contrary to Plaintiff's assertion that Defendant Asbury is now taking an inconsistent position, *see Doc. 69* at 6, the issue of force or voluntary consent has not been settled in previous proceedings as a matter of law or fact.

Counsel's briefs demonstrate that the substantive Eighth Amendment law Judge Johnson reviewed has not changed in the interim. *See Sandoval Opinion* at 6-13; *Doc. 46* at 7-9; *Doc. 63* at 10-15; *Doc. 69* at 11-14. And, as in *Sandoval*, the versions of the events concerning voluntary consent are in hot dispute. *Compare Plaintiff's Motion, Doc. 46* at 3 (¶¶ 7-8 – "Asbury proceeded to rape and sexually assault Plaintiff . . . Asbury, by use of his position of authority and control . . . compelled Plaintiff to engage in inherently non-consensual sexual relations") (citing allegations in Complaint); *with Defendant's Response, Doc. 63* at 15 (asserting that "Asbury has maintained since the criminal investigation ensued that the sexual encounter with Plaintiff was consensual) (supported by the investigating detective's testimony at the grand jury, *see Doc. 63-3* at 8) *and id.* at 15-16 (citing portions of Plaintiff's undated interview with detectives, identified as occurring three days after the incident, where she indicates that she initiated the sexual encounter and consented to intercourse). In short, this Court finds no basis to depart from the well reasoned decision of Judge Johnson in *Sandoval*, and is unpersuaded by Plaintiff's arguments in reply urging the Court to disavow it.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion for partial summary judgment *(Doc. 46)* is **denied**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
*Presiding by Consent*