# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**RACHELLE SANTILLANES,**

     **Plaintiff,**

v.                                **No. 11-cv-0527 KBM/SMV**

**ERIC ASBURY and**
**COUNTY OF BERNALILLO,**

     **Defendants.**

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ASBURY'S MOTION TO COMPEL

THIS MATTER is before the Court on Defendant Asbury's Motion to Compel [Doc. 52] ("Motion"), filed on April 13, 2012. Plaintiff responded in opposition on April 27, 2012. Plaintiff's Response to Defendant Asbury's Motion to Compel . . . [Doc. 58] ("Response"). Defendant Asbury replied on May 21, 2012, and filed a supplement on May 23, 2012. Defendant Asbury's Reply to Plaintiff's Response to Defendant Asbury's Motion to Compel . . . [Doc. 73] ("Reply"); Supplement to Defendant Asbury's Reply to Plaintiff's Response to Defendant Asbury's Motion to Compel [Doc. 74] ("Supplement"). The Court, being fully advised in the premises, FINDS that the Motion is well-taken in part and not well-taken in part and, therefore, will be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

This case arises out of a series of encounters between Plaintiff and Defendant Asbury at the Metropolitan Detention Center ("MDC") in Albuquerque, New Mexico, in 2010. Complaint for Civil Rights Violations, Tort Claims, and Damages [Doc. 1] at 2–3. During that time, Plaintiff was

incarcerated and Defendant Asbury was a detention officer or supervisor at MDC. *Id.* at 2. According to Plaintiff's complaint, Defendant Asbury raped her at MDC on or about October 23, 2012. *Id.* at 3. Plaintiff has asserted various constitutional and state-law tort claims against Defendant Asbury and his employer, Bernalillo County. *Id.* at 4–9. Defendant Asbury admits that he had sexual intercourse with Plaintiff at MDC but insists that it was consensual. Defendant Eric Asbury's Supplemental Answer to Complaint for Civil Rights Violations, Tort Claims, and Damages [Doc. 42] at 3. He also admits that he pleaded guilty to criminal sexual penetration by one in a position of authority, *id.*, but otherwise, Defendant Asbury denies wrongdoing. *See id.* at 1–6.

## I.  The Court finds the Motion to be timely.

Defendant Asbury moves the Court to compel Plaintiff to provide certain information to him. Plaintiff objects on various grounds, including that the motion to compel is untimely. Response [Doc. 58] at 6. Defendant Asbury replies that the Court should exercise its discretion to waive the 21-day requirement because he has been diligently trying work with Plaintiff to resolve the discovery issues without the Court's intervention. Reply [Doc. 73] at 3–4. The Court agrees. *See* D.N.M.LR-Civ. 26.6 (Court has authority to modify the 21-day deadline for good cause shown); *Cabot v. Wal-Mart Stores, Inc.*, No. 11-cv-0260 JB/RHS, 2012 U.S. Dist. LEXIS 22567 at *31–35, 2012 WL 592874 at *9–10 (D.N.M. Feb. 16, 2012) (unpublished) (finding good cause to modify the 21-day deadline where the parties had been attempting to resolve their dispute). Because the parties have been attempting to resolve their disputes on their own, and because the Court encourages parties to attempt to resolve disputes without involving the Court, the Court finds good cause to extend the deadline.

## II.  Standard

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Information sought is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1). Federal courts have held that the scope of discovery under Rule 26 is broad.  *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Sanchez v. Matta*, 229 F.R.D. 649, 654 (D.N.M. 2004) ("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information.").  The federal discovery rules reflect the courts' and Congress' recognition that "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  As a result, Rule 26 "contemplates discovery into any matter that bears on or that reasonably could lead to other matter[s] that could bear on any issue that is or may be raised in a case." *Anaya v. CBS Broadcasting, Inc.*, 251 F.R.D. 645, 649–50 (D.N.M. 2007) (alteration in original) (internal quotation marks omitted).

A district court, however, is not "required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim."  *McGee v. Hayes*, Nos. 01-7113, 01-7144, 43 F. App'x 214, 217 (10th Cir. July 22, 2002) (unpublished); *see Tottenham v. Trans World Gaming Corp.*, No. 00 Civ. 7697, 2002 WL 1967023, at *2 (S.D.N.Y. 2002) ("Discovery, however, is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." (internal quotation marks omitted)); *Hardrick v. Legal Servs. Corp.*, 96 F.R.D. 617, 618 (D.D.C. 1983) (noting that courts do,

3

and should, remain concerned about "fishing expeditions, discovery abuse and inordinate expense involved in overbroad and far-ranging discovery requests" (internal quotation marks omitted)). "[B]road discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d at 1520 (internal quotation marks omitted).

Courts have recognized that, while it is true that relevance in discovery is broader than that required for admissibility at trial, "the object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." *Zenith Elecs. Corp. v. Exzec, Inc.*, No. 93 C 5041, 1998 U.S. Dist. LEXIS 215, at *8, 1998 WL 9181, at *2 (N.D. Ill. Jan. 5, 1998) (unpublished) (internal quotation marks omitted). Further, the information must be "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Courts have also recognized that "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Id.* (alteration in original) (internal quotation marks omitted).

Rule 26, which once stated that a party may obtain discovery on any matter "relevant to the subject matter," Fed. R. Civ. P. 26(b)(1) (1999), was amended in 2000 to state that the material must be "relevant to the claim or defense of any party," Fed. R. Civ. P. 26(b)(1). Under the 2000 amendment, however, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* The Advisory Committee explained that the amendment was "designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery." Fed. R. Civ. P. 26(b)(1) advisory committee note to 2000 amendment

(stating that the amendment was made with the intent "that the parties and the court focus on the

actual claims and defenses involved in the action").  The Advisory Committee further explained:

> Under the amended provisions, if there is an objection that discovery
> goes beyond material relevant to the parties' claims or defenses, the
> court would become involved to determine whether the discovery is
> relevant to the claims or defenses, and, if not, whether good cause
> exists for authorizing it so long as it is relevant to the subject matter
> of the action. The good-cause standard warranting broader discovery
> is meant to be flexible.

*Id.*

Rule 34 requires a party on whom a request for production is served either to produce the

requested materials or to object within 30 days of being served with the request.  Fed R. Civ.

P. 34(b)(2).  Rule 37 provides enforcement mechanisms for Rule 34.  Under Rule 37, if a party does

not respond to an interrogatory or to a request for production, the party requesting the discovery may

move the Court to compel the opposing party to respond.  Fed. R. Civ. P. 37(a)(3).

Generally, a motion to compel is not proper where the movant has not formally requested

the discovery under the applicable rules:

> A party seeking discovery may move for an order compelling an
> answer, designation, production, or inspection.  This motion may be
> made if:  (i) a deponent fails to answer a question asked under
> Rule 30 or 31; . . . (iii) a party fails to answer an interrogatory
> submitted under Rule 33; or (iv) a party fails to respond that
> inspection will be permitted—or fails to permit inspection—as
> requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B).  Consistent with this rule, the local rules require the movant to attach

to the motion a copy of the discovery request as well as the opposing party's response or objection.

5

D.N.M.LR-Civ. 37.1.  Therefore, courts will not compel a party to produce information that was never sought through formal discovery.

### III.  Analysis

#### 1.  Date and location of Plaintiff's first meeting with Kennedy & Han

Defendant Asbury moves the Court to compel Plaintiff to answer the following:  "When is the first time that you spoke to a representative from [the law firm representing you in this matter,] Kennedy & Han? Please provide the actual date and location of this first meeting."  Motion [Doc. 52] at 11.  Plaintiff objects on several grounds.  First, she asserts that she has already answered the question at her deposition when she testified that the first time she spoke with a representative of Kennedy & Han was some time after the rape.  Response [Doc. 58] at 6–7.  Plaintiff further objects on the ground that the information sought—the precise date and location of the first contact—is protected by the attorney-client privilege. *Id.* at 7–8.  Finally, Plaintiff argues that the information is irrelevant.  *Id.*  Defendant Asbury replies that Plaintiff has failed to show that the information sought is privileged.  Reply [Doc. 73] at 4–6.  He further replies that the information is relevant to the issue of Plaintiff's credibility because it may correspond to the time when she purportedly changed her story about the underlying incident.  *Id.* at 6.

The Court will order Plaintiff to answer the question.  The inquiry is reasonably calculated to lead to the discovery of admissible evidence because it seeks information that could bear on Plaintiff's credibility.  Moreover, Plaintiff has not met her burden to show that the information is protected by the attorney-client privilege, and the Court is not persuaded by her policy arguments.

### 2.  Initiation of Plaintiff's first contact with Kennedy & Han

Defendant Asbury moves the Court to compel Plaintiff to answer the following:  "How did this first contact occur? Did you call the Kennedy Law Firm or did a representative from that firm contact you?"  Motion [Doc. 52] at 11.  Plaintiff objects on the grounds that the information sought is not relevant, Response [Doc. 58] at 8, and that, as a matter of policy, courts should not require rape victims to disclose such information because it discourages them from seeking counsel.  *Id.* at 7–8.  Defendant Asbury disagrees with Plaintiff's policy arguments.  Reply [Doc. 73] at 6. Defendant Asbury also replies that Plaintiff has failed to show that the information sought is privileged.  *Id.* at 4–6.  Finally, he replies that the information is relevant to the issue of Plaintiff's credibility.  *Id.* at 6.

Defendant Asbury never asked either of these questions at Plaintiff's deposition or via an interrogatory.  Therefore, the Court will not compel Plaintiff to answer them.  Before the Court will compel a response to question, the moving party must attempt to obtain the information through formal discovery.  Considering that Defendant Asbury never formally requested this information prior to filing his motion, the Court will not compel Plaintiff to respond to it now.

### 3.  Prior criminal representation by Kennedy & Han

Defendant Asbury moves the Court to compel Plaintiff to answer the following:  "Has any lawyer from the Kennedy Law Firm represented you in relation to any of her [sic] criminal cases and if so, when?"  Motion [Doc. 52] at 11.  Plaintiff objects to providing this information on several grounds.  First, she objects because Defendant Asbury has never asked for the information before. Response [Doc. 58] at 8.  Second, she objects because the information is publically available.  *Id.*

7

at 9.   Lastly, she adds that according to the New Mexico Courts Case Lookup website, http://www.nmcourts.gov/caselookup/app, Kari Morrissey has represented Plaintiff in all of her criminal cases.  *Id.*  Defendant Asbury does not specifically reply to Plaintiff.  Instead, he generally reasserts his replies regarding Plaintiff's failure to establish that the information sought is privileged and that Plaintiff's policy arguments are incorrect.  Reply [Doc. 73] at 4–6.

The Court will not compel Plaintiff to answer the question because Defendant Asbury did not ask it prior to filing his motion to compel.  Before the Court will compel a response to question, the moving party must first pose the question at a deposition or by an interrogatory.  Considering that Defendant Asbury never formally requested this information prior to filing his motion, the Court will not compel Plaintiff to respond to it now.

### 4.  Date of retention of Kennedy & Han

Defendant Asbury moves the Court to compel Plaintiff to answer the following:  "When did you retain the Kennedy & Han Law Firm to represent you in this case?"  Motion [Doc. 52] at 11.  Plaintiff objects on the ground that the information sought is not relevant and discourages rape victims from seeking counsel.   Response [Doc. 58] at  7–8.  Defendant Asbury replies that Plaintiff's policy arguments are not accurate, that Plaintiff has not met her burden to show that the information is privileged, and that the information is relevant because it goes to Plaintiff's credibility.  Reply [Doc. 73] at 4–6.

The Court will not compel Plaintiff to answer this question because it is not reasonably calculated to lead to the discovery of admissible evidence.  Although the Court agrees that the date on which Plaintiff first had contact with Kennedy & Han could bear on her credibility, the Court

8

does not  view the date of her retention of the firm in the same way.  Defendant Asbury explains that these dates matter because they may correspond to the time frame when Plaintiff allegedly changed her story, but the Court disagrees.  The information sought is irrelevant, and the Court will not compel it.

### 5.  "General" releases

Defendant Asbury moves the Court to compel Plaintiff to sign "general" releases of information for her medical, mental health, and substance abuse treatment providers.  Motion [Doc. 52] at 1, 14.  The Court understands Defendant Asbury to be requesting that Plaintiff sign blank releases to which he may later add treatment providers' names.   In the alternative, Defendant Asbury moves the Court to compel Plaintiff to provide releases addressed to all mental health and substance abuse treatment providers who have provided treatment to Plaintiff in the ten years preceding this incident.  Motion [Doc. 52] at 13, 14.  Plaintiff objects on the grounds that the request is overbroad and vague.  Response [Doc. 58] at 11.  She further objects on the ground that such releases are not valid under the Health Insurance Portability and Accountability Act ("HIPAA") because in order to release information, the patient must know what information she is releasing.  *Id.* at 12.  Separate and apart from this objection, Plaintiff explains that HIPAA provides a procedural mechanism for medical records to be obtained from providers, which includes a waiting period of the patient's objections, without releases of information signed by the patient.  *Id.* at 12–13 (citing 45 C.F.R. § 164.512).  Plaintiff, however, makes no specific objection to the disclosure of records going back to ten years before the underlying incident.  Defendant Asbury replies that

requiring him to following the HIPAA procedures, including waiting for Plaintiff's objections, "is an impermissible attempt to circumvent [the rules of discovery]."  Reply [Doc. 73] at 9.

The Court will not compel Plaintiff to sign blank releases.  However, the Court recognizes that the stage of litigation is late, with trial less than three months away.  Thus, the Court will not restrict Defendant Asbury to the HIPAA procedures.  *See* 45 C.F.R. § 164.512(e) (procedures for disclosures in judicial and administrative proceedings).  Instead, the Court will order the following: If Defendant Asbury discovers the name of a treatment provider not previously identified, he shall forward the name and contact information to Plaintiff's counsel.  Then, Plaintiff's counsel shall provide a signed, HIPAA-complaint release to defense counsel within 10 days.  If Plaintiff does not timely comply, the Court will entertain a motion for sanctions, up to and including dismissal of this action.

### 6.  List of all treatment providers

Defendant Asbury moves the Court to compel Plaintiff to provide the names of all medical, mental health, and substance abuse treatment providers who have treated Plaintiff in the ten years preceding the underlying incident.  Motion [Doc. 52] at 1, 3.  Plaintiff does not appear to object to this request as it relates to medical and mental health providers—as opposed to substance abuse treatment providers—but rather responds that she has already provided such a list to the best of her ability.  *See* Response [Doc. 58] at 9–10.  Plaintiff further argues that providing any more information regarding her past substance abuse treatment is cumulative and irrelevant.  *Id.* at 10–11. Defendant Asbury replies that he is not limited to requesting information that is admissible but,

10

rather, may seek any information that could lead to the discovery of admissible evidence. Reply [Doc. 73] at 9.

The Court finds that the names of Plaintiff's medical, mental health, and substance abuse treatment providers for the ten years preceding the underlying incident are relevant and discoverable because Plaintiff has put her medical and mental health at issue. To the extent that Plaintiff has not done so already, and to the extent that she recalls any names in the future, the Court will compel Plaintiff to produce names for all medical, mental health, and substance abuse providers that treated her in the ten years prior to the underlying incident.[1] Of course, Plaintiff cannot be compelled to disclose information that she does not recall.

### 7.  Notes regarding alleged retaliation by corrections officers

Defendant Asbury moves the Court to compel Plaintiff to provide a list of the corrections officers whom she claims retaliated against her. Motion [Doc. 52] at 1, 14–15. Plaintiff objects on the grounds that Defendant Asbury has not propounded discovery on this issue, despite her specific invitation to do so.  Response [Doc. 58] at 14 . Defendant Asbury admits that he has never made a formal discovery request on this issue but argues that he should not be required to do so and that his request by letter to Plaintiff's counsel should suffice. Reply [Doc. 73] at 11.

The Court will not compel Plaintiff to provide the documents because Defendant Asbury did not request them under the rules of discovery prior to filing his motion to compel. Before the Court

---

[1] Defendant Asbury originally moved to compel Plaintiff to sign a release of information for the Mesilla Valley Treatment Center. Motion [Doc. 52] at 13–14 . In his Supplement, however, he indicates that he has received a signed release for the Mesilla Valley Hospital, which the Court infers is the same facility. Supplement [Doc. 74] at 1. Defendant Asbury concedes that the portion of his Motion that relates to "Mesilla Valley" is moot. *Id.*

will compel a response to question or compel the production of documents, the moving party must attempt to obtain the information or material via the rules of discovery. Considering that Defendant Asbury never served a discovery request for this information prior to filing his motion, the Court will not compel Plaintiff to produce to it now.

   **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Asbury's Motion to Compel [Doc. 52] is **GRANTED IN PART and DENIED IN PART** as outlined herein.

   **IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**